# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ING BANK, fsb,

                **Plaintiff,**

-vs-                                **Case No.  6:09-cv-1708-Orl-35DAB**

**FIRST CONTINENTAL MORTGAGE,
INC., RAYMOND L. MOATZ, III, BRIAN
O. DAVIS, et al.**
                **Defendants.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **RESPONSE TO ORDER TO SHOW CAUSE, MOTION FOR RECONSIDERATION AND MOTION TO WITHDRAW (Doc. No. 306)**
>
> **FILED:**      **April 2, 2011**
> _____
>
> **THEREON** it is **ORDERED** that the motions are **DENIED**, and it is respectfully recommended that the pleadings of First Continental Mortgage be **stricken** and a default be entered against it, and further, that a judgment be entered against Attorney William Tucker, all as set forth herein.

This is an action against numerous defendants, including First Continental Mortgage, Inc. ("First") and alleged principal Raymond Moatz III ("Moatz"), for damages arising from an asserted mortgage fraud scheme.

### *Background*

At all times relevant, William Tucker was counsel of record for First and Moatz.  Following the filing of the First Amended Complaint (Doc. No. 195),  Tucker filed an Answer on behalf of his clients (Doc. No. 209).  The Court noticed a status conference (Doc. No. 214), and Tucker did not appear, nor was appearance made by any other counsel on behalf of Moatz or First (Doc. No. 217).[1] The Court issued an Order to Show Cause why sanctions should not be imposed "on counsel and/or these parties" for failure to attend the hearing (Doc. No. 218).  Tucker filed a Response (Doc. No. 233) apologizing for his absence, which he stated was due to a mistaken impression that the status conference would be continued by the Court.  Tucker then stated that in the event sanctions were to issue for the failure to appear, he requested that "the sanctions be the requirement that undersigned personally attend the next scheduled Status Conference in this case in lieu of a cash penalty or other sanction." *Id.*  The Court discharged the show cause Order, with a reminder that a motion to continue a hearing is not self-executing, and "in view of the availability of appearance by telephone, the non-appearance is not excused."  (Doc. No. 235).

Pursuant to the Case Management and Scheduling Order, mediation was noticed for December 4, 2010 (Doc. Nos. 246, 254).  Tucker did not attend the mediation (Doc. No. 297).

On December 30, 2010, Plaintiff filed a motion for summary judgment against First and Moatz (Doc. No. 286).  That same day, Tucker filed a belated motion to appear telephonically at the mediation *nunc pro tunc* (Doc. No. 287), contending that he had experienced car trouble the day before the mediation and "did not have the ability" to rent a car or purchase a plane ticket, but appeared at the mediation telephonically.  Plaintiff filed a motion for sanctions against Tucker, for his non-appearance at the mediation, noting that, in fact, Tucker had not appeared by telephone (Doc.

---

[1]Although not pertinent to this motion, the Court notes Mr. Tucker was not the only absence at the conference.

No. 288).  The mediator confirmed Tucker's failure to appear "in person or by telephone" (Doc. No. 297).

On January 13, 2011, Tucker filed a motion seeking an extension of time in which to file a response to the motion for summary judgment, stating that he "was required to travel. . .from Ft. Lauderdale to . . . Jacksonville" to accompany a loved one for surgery, and was thus "out of town" from January 4-9, 2011, and he was also preparing for a criminal case which was scheduled for trial "in Sarasota" (Doc. No. 294).[2]  The District Judge advised that she would take the summary judgment motion under advisement on February 14, 2011 (Doc. No. 292).  On February 11, 2011, Moatz filed for Bankruptcy protection (Doc. No. 302).

In detailed Order incorporated herein, the undersigned denied the motion to appear telephonically at mediation and granted, in part, the motion for sanctions, imposing sanctions in the amount of $2,500 against Tucker (Doc. No. 301).  Plaintiff filed a Notice that Tucker had failed to pay the sanctions, as ordered (Doc. No. 304) and the Court, noting that no appeal or other objection had been filed from its sanctions Order, issued an Order to Show Cause why further sanctions should not be imposed against Tucker for failure to comply (Doc. No. 305).  The instant motion followed, and Plaintiff has filed its response in opposition (Doc. No. 307).

For the reasons set forth herein, the motion is **denied,** and the Court **recommends** that a judgment be issued in the sanction amount against Tucker and in favor of Plaintiff.  It is also **recommended** that the Court **strike the pleadings of First and enter a default against it,** for failure to defend.

### *Issues and Analysis*

---

[2]Apparently, Tucker's professed inability to travel was restored by January 4th.

The Response prays that additional sanctions not be imposed, incorporates a motion to reconsider the imposition of the original sanction of $2,500, and includes a motion to allow Tucker to withdraw from representation of First and Moatz.

To the extent the motion seeks reconsideration of the earlier sanctions Order, it is **denied.** The motion is untimely and otherwise without merit.  Tucker contends that he is being "forced to breach the mediation privilege" when the Court has found that he did not attend mediation, telephonically or otherwise.  Moreover, the grounds asserted - that his clients were not going to settle anyway– are completely irrelevant.  Tucker's obligations to this Court are not dependent on the whims (or the pocketbook) of his clients.  The sanction Order stands.

To the extent the motion seeks leave to withdraw, the motion is **denied.**   Moatz is in bankruptcy, and any such Order may implicate the provisions of the automatic stay.  As for First, the only cause shown for the withdrawal is Tucker's representation that his client owes him money. Under the circumstances of this case and in view of Local Rule 2.03(e),  the motion is denied.

To the extent the motion presents an unsworn response to the Court's Order to show cause why additional sanctions should not be imposed for the failure to pay the sanction, as ordered, the Court is unpersuaded.  Tucker would have this Court believe he is all but penniless due to failure of his clients to pay him and onerous post-dissolution of marriage support obligations, yet the papers attached to his response include a finding by the state court that he has "the present ability to pay the purge amount" (Doc. No. 306-1 at 6).[3]  Further, the Court notes that Tucker did not file an objection to the Order imposing the sanction, nor did he timely report his insolvency to the Court (as one would expect someone in that situation to do) through a motion to extend time for payment or similar filing. Rather, Tucker simply ignored the Order and ignored Plaintiff's attempts to collect the debt.  This is

---

[3]Tucker attached papers indicating that he was found in contempt for failure to pay support obligations.

not behavior consistent with a good faith attempt to comply.  The Court finds good cause has not been shown to reduce or eliminate the sanction.  It is **recommended** that the sanction be reduced to a judgment, and Plaintiff be allowed to execute, if it can, on same.

A final matter is before the Court.  Plaintiff asks, in its response, for the Court to rule on the pending Motion for Summary Judgment, to the extent the motion seeks judgment against First.[4] The Court does not recommend this approach.  The motion is addressed to the actions and/or inactions of both Moatz and First. In view of the automatic stay, the Court cannot determine liability (if any) as to Moatz at this time.  In view of the relationship between Moatz and First, the risk of inconsistent judgments counsels against final adjudication of the claim against First.  *See Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed.60 (1872) (in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants).

The Court does find, however, ample authority to recommend entry of a default against First, for its failure to attend mediation in violation of the Court's Order and apparent abandonment of its defense, as also noted by its failure to file a response to the motion for summary judgment.  It is therefore **recommended** that its Answer be **stricken, and a default be entered against it.**  This would moot the Motion for Summary Judgment as to this Defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[4]Consideration of the motion to the extent it seeks judgment against Moatz is prohibited by the automatic stay provisions of the Bankruptcy Code.

Recommended in Orlando, Florida on April 12, 2011.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy