UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ING BANK, FSB,**

    **Plaintiff,**

v.                          Case No.: 6:09-cv-1708-ORL-35-DAB

**FIRST CONTINENTAL MORTGAGE,
INC., et al.,**

    **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Response to the Order to Show Cause, Motion for Reconsideration, and Motion to Withdraw filed by Defendants First Continental Mortgage ("First Continental") and alleged principal Raymond Moatz III ("Moatz").[1] (Dkt. 306) On April 13, 2011, United States Magistrate Judge David A. Baker issued (1) an Order denying the motions and (2) a Report and Recommendation recommending:

> [T]hat the pleadings of First Continental Mortgage be **stricken** and a default be entered against it, and further, that a judgment be entered against Attorney William Tucker[.]

(Dkt. 308) (emphasis in original) No objection was filed to the Report and Recommendation, and the deadline to do so has passed.

In the Eleventh Circuit, a district judge may accept, reject or modify the magistrate judge's report and recommendation after conducting a careful and complete

---

[1] The Suggestion of Bankruptcy filed by Defendant Moatz pursuant to 11 U.S.C. § 362 (Dkt. 302) triggered an automatic stay of the case as it relates to this particular defendant.

1

review of the findings and recommendations. 28 U.S.C. § 636(b)(1); see Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); see Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Under the federal rules, a district court, on motion or *sua sponte*, may strike pleadings in whole or in part and/or enter a default in the case if a party or its attorney:

> (A)   [F]ails to appear at a scheduling or other pretrial conference;
>
> (B)   [I]s substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C)   [F]ails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1)(A)-(C). A district court may impose other sanctions—including monetary sanctions—for the purpose of punishing either the lawyers or parties for egregious behavior. See Rasmussen v. Cent. Fla. Council BSA, Inc., No. 10-12238, 2011 U.S. App. LEXIS 2135, at *1-2 (11th Cir. Feb. 2, 2011); see also FED. R. CIV. P. 16(f) and 37; LOCAL RULES 9.05(c), (e).

Upon review of this record, the Court adopts Magistrate Judge Baker's conclusions concerning Defendant First Continental and finds that imposing sanctions against the defendant is wholly appropriate. Accordingly, this Court hereby strikes First Continental's Answer to the Complaint (Dkt. 209) and directs the **CLERK** to enter a default against the defendant for a "[failure] to plead or otherwise defend." Fed. R. Civ. P. 55(a). Additionally, the Court concludes that the conduct of Mr. Tucker, as found by Judge Baker, warrants the imposition of the sanctions imposed.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court concludes that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that the Report and Recommendation (Dkt. 308) is **CONFIRMED** and **ADOPTED** as part of this Order.

**IT IS FURTHER ORDERED** that Defendant First Continental's Answer to the Complaint (Dkt. 209) is **STRICKEN**.

**IT IS FURTHER ORDERED** that the **CLERK** shall enter a **DEFAULT** against Defendant First Continental, pursuant to Fed. R. Civ. P. 55(a), for its failure to attend mediation in violation of the Court's Order and apparent abandonment of its defense noted by its failure to respond to either the Report and Recommendation or the pending motion for summary judgment.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 286) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the **CLERK** enter **JUDGMENT** against Attorney William D. Tucker, personally, in the amount of $2,500.00. Attorney Tucker shall pay to Plaintiff $2,500.00, together with post-judgment interest at the statutory rate.

A review of the record reveals that the following defendants remain in this case: Elite Lending Solutions, LLC; Analyn Laguardia; Jerwin Paz; and Scott Warneke. **IT IS FUTHER ORDERED** that **PLAINTIFF** shall file notice with this Court, **on or before May 24, 2011** of its intention to pursue claims against these remaining defendants.

**IT IS FURTHER ORDERED** that although automatically granted, this Court hereby expressly states that, pursuant to the provisions of 11 U.S.C. § 362, this case is automatically **STAYED as to Defendant Moatz**. Plaintiff may seek to reinstate the action against **Defendant Moatz** to active status, upon proper motion, at the conclusion of the bankruptcy proceedings. If a portion of this suit is resolved by the bankruptcy proceedings, Plaintiff shall promptly move for dismissal of this case against **Defendant Moatz**. Furthermore, Plaintiff is directed to file and serve **on or before August 10, 2011** and every three months thereafter, a status report regarding the bankruptcy proceeding.

**DONE** and **ORDERED** in Orlando, Florida, this 10th day of May 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party